United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANNAS FARRA,

Plaintiff,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

Defendant.

Case No. 25-cv-09216-LJC

**ORDER DENYING MOTION TO REMAND AND SETTING CASE MANAGEMENT CONFERENCE**

Re: Dkt. No. 43

Plaintiff Annas Farra brought this action challenging delay by Defendant U.S. Citizenship and Immigration Services (USCIS) in adjudicating Plaintiff's application for naturalization. While this case was pending, 120 days elapsed from USCIS's February 25, 2026 first interview of Plaintiff without USCIS reaching a decision on Plaintiff's application. Plaintiff was therefore entitled to "apply to the [this Court] for a hearing on the matter," 8 U.S.C. § 1447(b), and did so in his Second Amended Complaint filed July 16, 2026, ECF No. 42.

The Court "has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter." 8 U.S.C. § 1447(b). USCIS now moves to remand the matter for administrative resolution, asserting that it can issue a decision within fifteen days from remand. ECF No. 43 at 3. USCIS contends that would be a more efficient process than for the Court to adjudicate the application, and would allow for a more fulsome record, informed by agency expertise, if the application is denied and Plaintiff ultimately pursues de novo judicial review. Plaintiff opposes remand, arguing that USCIS has signaled a likely denial of his application through two Notices of Intent to Deny (NOIDs), and that resolution by the Court now would be more efficient than eventual de novo review after an administrative denial and administrative appeal.

In resolving the pending Motion to Remand, this Court is informed by Judge Spero's decision earlier this year in *Farshchin v. Bondi*, No. 25-cv-07146-JCS, 2026 WL 1349596, (N.D. Cal. May 14, 2026). USCIS is generally "in a better position than this Court to decide an application for naturalization." *Id.* at *3 (citing *See I.N.S. v. Orlando Ventura*, 537 U.S. 12, 17 (2002)). Denial of a motion to remand can be appropriate, however, "where there has been substantial delay" and where there does not appear to be significant value in developing a further administrative record. *Id.* at *3–4 (citing *Yith v. Nielsen*, 343 F. Supp. 3d 938, 949 (E.D. Cal. 2018)). In *Farshchin*, Judge Spero noted that the period of around one year that the plaintiff's application had been pending was "significantly less than the amount of time that courts have found justifies denying a motion to remand," but nevertheless denied the motion based in large part on USCIS's representation that it would immediately issue a NOID if the matter were remanded. *Id.* at *4. Judge Spero determined that further administrative proceedings were not necessary because USCIS could present the same arguments and evidence in judicial proceedings as it would in the intended NOID, and the applicant could present the same arguments and evidence as he would in response to that NOID. *Id.* The primary issue in dispute was the significance of the applicant's mandatory military service in Iran, and there was no "dispute that the record [was] fully developed" as to that issue. *Id.*

In the case at hand, Plaintiff's application has been pending for more than two years. *See* ECF No. 43-1, ¶ 2. "[D]ecisions from other jurisdictions suggest that delays approximating two years may be unreasonable." *Alkenani v. Barrows*, 356 F. Supp. 2d 652, 657 n.6 (N.D. Tex. 2005). And rather than merely intending to issue a NOID as in *Farshchin*, USCIS here has already issued two of them, and has committed to resolving Plaintiff's application within a matter of days if it is remanded. ECF No. 43-1, ¶ 12. That commitment indicates that USCIS believes the factual record is sufficiently developed to support a decision, without need for further administrative development or investigation.

USCIS has not specifically indicated the decision that it intends to reach. If USCIS were to grant Plaintiff's application, that would end this dispute without need for the Court's involvement, and thus would be more efficient than the Court denying the motion to remand and

United States District Court
Northern District of California

assessing Plaintiff's application itself. USCIS has now issued multiple NOIDs, but the mere issuance of a NOID does not establish conclusively that denial will result. After Plaintiff responded to the first NOID regarding his travel outside the United States, USCIS issued a second one addressing different topics, suggesting that Plaintiff may have resolved the concerns raised in the first NOID to USCIS's satisfaction. Still, even though denial is not assured, the Court may "take into account the *likelihood* that [Plaintiff's] application will be denied following remand, when evaluating whether remand will conserve judicial resources." *Farshchin v. Bondi*, No. 25-cv-07146-JCS, 2026 WL 1349596, at *4 (N.D. Cal. May 14, 2026).

USCIS's commitment to a nearly immediate decision in a contested motion to remand, without stating what that decision will be, strongly implies that—consistent with the operative second NOID—USCIS intends to deny Plaintiff's application. Were it otherwise, USCIS would presumably disclose that it intended to grant the application, thus presumably securing Plaintiff's agreement to remand and avoiding this contested motion practice. Further, even in USCIS's present motion to remand and the evidence USCIS has submitted therewith, USCIS appears to argue that the denial is the correct result. USCIS asserts that Plaintiff has falsely represented certain circumstances of his interview to this Court. ECF No. 43 at 6 n.4, ECF No. 43-1, ¶¶ 7–9. USCIS also recounts Plaintiff's outreach to "two female USCIS employees . . . by sending a connection request to their *personal* media accounts," in a manner that implies USCIS still views that as misconduct reflecting a lack of moral character—as USCIS specifically asserted in the second NOID. ECF No. 43 at 6–7, ECF No. 43-1, ¶ 13; ECF No. 40-2 at 8 (2d NOID). The second NOID also includes allegations of potential fraud and other criminal conduct, ECF No. 40-2 at 7–8, which USCIS has not suggested that Plaintiff has rebutted to USCIS's satisfaction. It is no great leap to infer that USCIS likely still intends to deny Plaintiff's application for failure to establish "good moral character" as required by 8 U.S.C. § 1427(a)(3).

This is not to say that USCIS would be wrong to deny Plaintiff's application. The merits of that question are not before the Court, and this Order should not be construed as implying any view one way or the other as to whether the application should be granted. Nor is denial of remand intended as a punishment of USCIS or a reward to Plaintiff, or as an implication that

USCIS has acted unreasonably, that Plaintiff acted appropriately, or vice versa. The Court has no need to reach such issues here.

Instead, it is enough that Plaintiff's application has been pending for more than two years, both sides appear to agree that a sufficient factual record has been developed to resolve that application, and the most likely outcome of an administrative decision—whether rightly or wrongly—is denial.[1] Under those circumstances, there is little benefit to remanding for a likely denial that will result in a potentially lengthy administrative appeal, followed by the same de novo judicial review (*see* 8 U.S.C. § 1421(c)) that the Cout can instead undertake now.

USCIS notes that its regulations call for a review hearing before a different USCIS officers within 180 days of an applicant filing an administrative appeal. ECF No. 45 at 7 (citing 8 C.F.R. § 336.2(b)). But that regulation on its face sets a deadline only for a hearing, not for a decision, *see* § 336.2(b), and at least one court has suggested that it is not enforceable even on those terms, *Shweika v. Dep't of Homeland Sec.*, No. 09-11781-BC, 2010 WL 457457, at *2 (E.D. Mich. Feb. 9, 2010) (noting that USCIS failed to hold a hearing within eighteen months of an applicant's appeal). Even presuming that USCIS would resolve Plaintiff's appeal within 180 days, and presuming (as USCIS surely believes) that the expected denial would survive that appeal, the parties and the Court would then still find themselves in essentially the same position as now, faced with setting a briefing schedule for the Court's de novo review of Plaintiff's application.

The Court therefore DENIES USCIS's Motion to Remand, without need for oral argument. *See* Civ. L.R. 7-1(b). The hearing previously set for September 24, 2026 is VACATED. The parties shall file a joint case management statement proposing a schedule for judicial resolution of

//

//

//

//

//

[1] And, of course, the 120-day period from examination set by 8 U.S.C. § 1447(b) has elapsed, thus granting the Court jurisdiction to consider a judicial resolution Plaintiff's application.

Plaintiff's application no later than October 1, 2026, and shall appear for a case management conference for that purpose on October 8, 2026 at 1:30 PM by videoconference.

**IT IS SO ORDERED.**

Dated: September 22, 2026

LISA J. CISNEROS
United States Magistrate Judge